# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. |
| Jack James Molina | ) 6:25-mj- 1493 |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 9, 2025  in the county of  Orange  in the
Middle  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554(a) | Attempted smuggling of goods from the United States |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Robert Rosen, SA, HSI
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 5/9/2025

*David A. Baker*
*Judge's signature*

City and state: Orlando, Florida    Hon. David A. Baker, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF FLORIDA
ORLANDO DIVISION

UNITED STATES

v.

JACK JAMES MOLINA

Case No. 6:25-mj-1493

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert Rosen, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), in the Middle District of Florida and have been so employed as a Special Agent since approximately April 2020. HSI is the primary investigative arm of DHS. I am currently assigned to the Airport and National Security group of the HSI Orlando Office. I completed the Criminal Investigation Training Program and Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Center (FLETC), where I received training in the investigation of firearms trafficking. I have conducted numerous investigations into violations of U.S. customs law and U.S. immigration law.

2. I am currently an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am

empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

3. I have received training regarding the following topics, although this list is not exhaustive: surveillance; interviewing; writing of warrants; handling of evidence; arrest procedures; search procedures and testifying in court. I have participated in numerous smuggling and weapons trafficking investigations as either the lead case agent or co-case agent. The agents and law enforcement officers I work with as well as myself are familiar with the methods and practices of large scale transnational criminal organizations or criminal networks exploiting the exportation process to smuggle contraband out of the United States.

## Purpose of Affidavit

4. This affidavit is being submitted to establish probable cause in support of a criminal complaint against Jack James MOLINA for attempted smuggling of goods from the United States, in violation of 18 U.S.C § 554(a), on or about May 9, 2025, in the Middle District of Florida.

5. The statements contained in this affidavit are based in part on information I received from law enforcement and witnesses in Orlando, Florida, as well as my involvement in the investigation. Further, because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not included every fact or facet of the investigation known to me, but rather only enough to establish probable cause for the issuance of a criminal complaint against MOLINA.

**Probable Cause**

6. On or about May 9, 2025, HSI Orlando received notification from Orlando Police Department (OPD) assigned to the Orlando International Airport (MCO) that a subject was attempting to travel from the United States to Ecuador with firearms concealed within checked luggage. The Transportation Security Administration (TSA) discovered firearms and magazines in the checked baggage of Jack James MOLINA after noticing anomalies during a routine x-ray examination of the baggage. A subsequent search conducted by TSA and law enforcement revealed two bags that contained a total of what appeared to be eleven broken down Glock pistols and what appeared to be twenty magazines, split between the bags. In one bag, the parts appeared to be concealed in a towel, and in the other bag, the parts appeared to be concealed in a shirt.

7. HSI, Federal Bureau of Investigation (FBI), and Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agents (SAs) interviewed MOLINA after he was in custody and after waiving his rights in Spanish and in English. MOLINA explained that he owned farms in Ecuador and purchased the firearms to give to farm employees as protection. MOLINA indicated that the firearms were returned to the farm before the employees departed and that the employees never left the farm with them. MOLINA indicated that he smuggled firearms from the United States inside his checked baggage on two previous occasions.

8. MOLINA claimed he was unaware he needed to declare his firearms in his baggage to the airline gate agents and TSA. However, this does not appear to be true because HSI Special Agents confirmed with the airline counter agents that they ask passengers if they have firearms inside their baggage. Additionally, there appears to be visible signs informing travelers of the necessity to disclose any firearms inside a traveler's baggage.

9. MOLINA claimed he was unaware that he needed a license to export firearms. MOLINA acknowledged he remembered filling out the ATF Form 4473 for all his firearm purchases. When an ATF SA asked if MOLINA remembered the acknowledgment on ATF Form 4473 indicating that a firearm purchaser needed an export license from the Department of Commerce to export firearms, MOLINA responded that he did not remember and continued to claim he did not know an export license was required. At the time of writing this affidavit, ATF was able to recover at least two ATF 4473s related to MOLINA's firearm purchase that contained the export requirements, MOLINA's acknowledgment of that requirement, and MOLINA's signature on the form. One ATF Form 4473 was in English, and the other was in Spanish.

### *Background on Export Law*

10. Under federal law, it is a crime to fraudulently or knowingly export or send from the United States any merchandise, article, or object contrary to any law or regulation of the United States. 18 U.S.C. § 554. This is commonly referred to as "smuggling" and the phrase "contrary to any law or regulation" incorporates export

controls, including the Export Control Reform Act (ECRA) of 2018 and its implementing regulations, set forth in more detail below. It is also a separate offense under the ECRA "to violate, attempt to violate, conspire to violate, or cause a violation of this part or any regulation, order, license, or other authorization issued under" that law. 50 U.S.C. § 4819.

11. The ECRA provides that "the national security and foreign policy of the United States require that the export . . . of items . . . be controlled." 50 U.S.C. § 4811. To that end, the ECRA authorizes the President "to control the export . . . of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons," 50 U.S.C. § 4812, and empowers the Department of Commerce to "establish and maintain a list of items that are controlled under" the ECRA. 50 U.S.C. § 4813.

12. Pursuant to that authority, the Department of Commerce reviews and controls the export of certain items from the United States to foreign countries through the Export Administration Regulations (EAR), codified at 15 C.F.R. §§ 730-774. The EAR restricts the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States.

13. Items subject to EAR controls are identified on the Commerce Control List, or "CCL." *See* 15 C.F.R. § 774.1 et seq. Certain firearms, firearm parts, and ammunition are enumerated under the CCL. The EAR allows for the export of items designated on the CCL including firearms, firearm parts, and ammunition, if the

5

exporter has certain licenses and under regulated conditions. *See generally* 15 C.F.R. § 740.1 et seq. Without such licenses, however, the exportation of firearms, firearm parts, and ammunition listed on the CCL violates the ECRA and laws prohibiting smuggling.

## **CONCLUSION**

14. Based on the above information, I submit that there is probable cause to believe that on or about May 9, 2025, in the Middle District of Florida, MOLINA attempted to smuggle firearms and magazines from the United States, in violation of 18 U.S.C. § 554(a). Accordingly, I request that the Court issue a warrant for his arrest as to that offense.

Respectfully submitted,

_____
Robert Rosen
Special Agent
Homeland Security Investigations

Affidavit attested to me as true and accurate via telephone or other reliable electronic means consistent with Fed. R. Crim. P. 3 and 4.1 on this ____9th day of May, 2025.

*David A. Baker*
_____
HON. DAVID A. BAKER
United States Magistrate Judge

6